# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ALLEN BALDRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-152-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks attorneys' fees in the amount of $4,161.00, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 21]. The Commissioner objects to the award of fees and urges the Court to deny the request. In response, the Plaintiff has also submitted a supplement motion for attorneys' fees in the amount of $230.40, *see* Plaintiff's Supplemental Motion for an Award of Attorney's Fees under the Equal Access to Justice Act [Docket No. 25], which the Commissioner also opposes [Docket No. 26]. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded all the requested fees and costs under the EAJA as the prevailing party herein.

On appeal, the Plaintiff's sole contention of error is that the ALJ failed to properly determine the materiality of his substance abuse. This Court agreed with those assertions and reversed with the instructions for the ALJ to properly consider the medical and other source evidence. *See* Docket No. 20. The Commissioner's opposition to the present fee request is based on the assertion that her position with regard to the ALJ's analysis regarding drug and alcohol was substantially justified because "a reasonable person" could find the ALJ's analysis sufficient. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Court disagrees. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). The Commissioner attempts to re-litigate the arguments previously raised, asserting that the ALJ's findings were not unreasonable. But this Court has already ruled that the ALJ's findings were reversible error and that he did not provide the requisite analysis. Inasmuch as it was the ALJ's obligation to provide

such a proper analysis, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari,* 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so in light of this Court's findings with regard to the ALJ's assessment regarding the materiality of substance abuse. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

The Court therefore concludes that the Plaintiff should be awarded attorneys' fees and costs as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412

[Docket No. 21] and Plaintiff's Supplemental Motion for an Award of Attorney's Fees under the Equal Access to Justice Act [Docket No. 25] are hereby GRANTED and that the Government is hereby ordered to pay total attorney's fees in the amount of $4,391.40 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 29th day of November, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma